```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

WILLIAM   D.   MCCLUSKEY,   as  }
Surviving   Spouse   and   as   }
Personal Representative of the  }
Estate of Mary L. McMcluskey,   }
                                }
      Plaintiff,                }    CIVIL ACTION NO.
                                }    07-AR-0232-S
v.                              }
                                }
MERCK & CO., INC., a foreign    }
corporation, et al.,            }
                                }
      Defendants.               }
```

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, William D. McCluskey ("McCluskey"), to remand the above-entitled action to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Merck & Co., Inc. ("Merck"). Also before the court are the respective motions of defendants Cedric Anderson and Anna Leigh Webb to dismiss the action as to them, and the motion of McCluskey to dismiss the action as against defendant James A. Stewart. Finally, the court has for consideration the motions of various defendants to stay all proceedings in this action pending its possible transfer to the United States District Court for the Eastern District of Louisiana for consolidated and coordinated pretrial proceedings as part of *In re Vioxx Marketing, Sales Practices, and Prods. Liab. Litig.* MDL No. 1657, and/or to the United States District Court for the Northern District of California as part of *In re Bextra and Celebrex Marketing, Sales*

*Practices and Prods. Liab. Litig.*, MDL-1699.  For the reasons that follow, McClusky's motion to remand will be denied, and his motion to dismiss his action against Stewart will be granted.  The court will grant all motions filed by the various defendants.

*Procedural History*

McCluskey, a citizen of the state of Alabama, filed this action in the Circuit Court of Jefferson County on December 13, 2006.  McCluskey asserted various tort and contract claims related to the drugs VIOXX and CELEBREX, the use of which McCluskey says proximately caused the death of his wife, Mary L. McCluskey ("Mary McCluskey").  The corporate defendants named in McCluskey's complaint were Merck, Pfizer, Inc. ("Pfizer"), Pharmacia Corporation ("Pfizer"), Monsanto Company ("Monsanto"), and G. D. Searle LLC ("Searle").  McCluskey also named individuals Stewart, Webb, Anderson, Travis Taylor, and Robert Vandelune as defendants.  Merck is the manufacturer and seller of VIOXX, and Pfizer, Pharmacia, Monsanto, and Searle are companies involved in the manufacture and sale of CELEBREX.  According to McCluskey's complaint, Stewart, Webb, Anderson, Taylor, and Vandelune are representatives of one or more of the corporate defendants who marketed and promoted VIOXX and CELEBREX to the health care providers that prescribed or provided the drugs to the decedent, Mary McCluskey.  Although none of the corporate defendants are citizens of Alabama, each individual defendant is an Alabama

citizen.  In addition to the named defendants, McCluskey also identified in his complaint four fictitious defendants, who can be ignored for purposes of this opinion.  Merck removed the action to this court on February 2, 2007, under 28 U.S.C. § 1441.  Pfizer, Pharmacia, Monsanto, and Searle timely joined in Merck's removal on February 6, 2007.

Anderson, Webb, and Stewart are or were employees of Merck, and Taylor and Vandelune are currently employees of Pfizer. Stewart was still a defendant when this action was removed from state court, but McCluskey filed an unopposed motion to dismiss his action against Stewart while the action was still proceeding in state court, and Stewart is not considered a necessary party.  The court considers that motion to have carried over when the removal was effected, and will grant McCluskey's unopposed motion.

In support of its notice of removal, Merck filed declarations or affidavits signed by the four remaining individual defendants (together, the "individual resident defendants").  The declarations of Anderson and Webb, which the declarants signed under the penalty of perjury, are materially identical:

1.  My name is Cedric Anderson.[1]  I am over twenty-one years of age, am of sound mind, and am competent to make this declaration.  This declaration is based upon my personal knowledge.

---

[1] The first sentence of Webb's declaration states: "My name is Anna Leigh Webb."

2.  At no time did I ever provide Vioxx® ("Vioxx") or information concerning Vioxx directly to Mary McCluskey.

3.  I am not a physician, and have therefore never prescribed Vioxx. I am also not a pharmacist and therefore have never written or filled a prescription for Vioxx as a pharmacist. The information that I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians about Vioxx. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4.  At no time did I have any involvement at all with the manufacture, development, or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Vioxx. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and had no knowledge or information of any of those patients' medical histories, symptoms, prognoses, or courses of treatment.

5.  At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients. Physicians upon whom I would call would write their prescriptions for Vioxx based upon their own independent medical knowledge and judgment and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including but not limited to Mary McCluskey.

    6.    I have never promoted or detailed Vioxx in Jefferson County, Alabama.

    7.    I never participated in, nor was I ever instructed or trained, nor did I ever receive any materials relating to any "Dodgeball program."

    8.    I have never met nor spoken with Mary McCluskey.

    9.    I made no knowing misrepresentation concerning the safety or efficacy if Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

    10.    I have never made any presentations to the general public regarding Vioxx.

There are also no material differences between the above and the notarized affidavits signed by Taylor and Vandelune. Taylor's affidavit states:

    1.    I am over the age of twenty-one years and am otherwise competent to make this affidavit. This affidavit is based upon my personal knowledge.

    2.    I am currently employed as a pharmaceutical representative (also known as a "detailer") for Pfizer Inc ("Pfizer"). I have been employed by Pfizer as a detailer since February 9, 2004.[2]

    3.    As a detailer, I visit physicians and healthcare providers' offices and provide them with FDA-approved package inserts and other FDA-approved information about Pfizer's products, which is referred to as "detailing." My job is to make the physician aware or certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients.

    4.    I am not a physician or pharmacist. I have no specialized medical or pharmacological education. The information and material I use to detail Pfizer's drugs is derived exclusively from

---

[2] Vandelune states in his affidavit that he has been employed by Pfizer as a detailer since 1985.

      education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other FDA-approved information for the medications I detail.  I have no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

5. As part of my job duties, I have detailed Celebrex® in the past.  However, I do not know whether I visited with or provided any information about Celebrex® to plaintiff's prescribing physician because plaintiff has not identified him or her.

6. At no time did I have any involvement with the design, manufacture, development or testing of the prescription medication Celebrex®, nor did I have any involvement in the FDA-approved package insert for Celebrex®.

7. At no time did I ever sell, offer to sell, or take orders for the sale of Celebrex® to health care providers, physicians, or patients.

8. I have never made any presentations to the general public concerning Celebrex®.

9. I have never met or spoken with the Plaintiff, William D. McCluskey, or the Plaintiff's decedent, Mary L. McCluskey.

10. I have never promoted or detailed Celebrex® in Jefferson County, Alabama.

*Analysis*

There is no dispute that Anderson, Webb, Taylor, Vandelune, and plaintiff McClusky are all Alabama citizens.  Anticipating that this fact would destroy the complete diversity required to support removal jurisdiction, Merck and Pfizer argue that the citizenship of the individual resident defendants should be ignored because those defendants were fraudulently joined.  *See*

*Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). According to Merck and Pfizer, there is no possibility that McCluskey can prove *any* of his claims against the individual resident defendants. McCluskey counters that none of these defendants were fraudulently joined, and that this court therefore lacks subject matter jurisdiction to preside over this action because there is no complete diversity of citizenship.

**I.   Fraudulent Joinder**

If McCluskey has failed to state a colorable case against each and all of the individual resident defendants, the court may disregard their citizenships and proceed to address the merits of Anderson's and Webb's motions to dismiss, and those of Merck, Pfizer, *et al.* to stay proceedings pending the possible transfer of this action. If, on the other hand, McCluskey did not fraudulently join any of the non-diverse defendants, there is incomplete diversity and the case must be remanded.

The type of fraudulent joinder defendants advance applies where there is no reasonable basis to predict that an Alabama court would find any of the individual resident defendants liable to McCluskey under any of his state-law theories, and, in fact, every reason to predict that the case will not proceed to final judgment against them. *See Legg v. Wyeth*, 428 F.3d 1317, 1324-25 (11th Cir. 2005); *see also Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) (a defendant is fraudulently joined

where there is no possibility of recovery under state law for any claims against him). A heavy burden rests on the removing defendant to show that all non-diverse defendants were fraudulently joined. *Owens v. Life Ins. Co. of Georgia,* 289 F.Supp.2d 1319, 1324 (M.D. Ala. 2003); *see Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (removal must be strictly construed with all doubts resolved in favor of remand). As the Eleventh Circuit stated in *Triggs v. John Crump Toyota, Inc.*, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." 154 F.3d 1284, 1287 (11th Cir. 1998). The court bases its jurisdictional inquiry on the pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties, evaluating all factual issues and questions of controlling substantive law in plaintiff's favor. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11 Cir. 1998).

Removing defendants assert that they have satisfied this high burden. McCluskey counters that he has stated viable claims against the individual resident defendants (1) under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), and (2) for fraud, fraudulent misrepresentation, fraudulent suppression and concealment. Thus, the question is whether McCluskey has any

possibility of recovery against any of the individual resident defendants under any of these claims. If so, there is incomplete diversity and this case was improvidently removed.

    **A.    The AEMLD Claim**

In order to establish liability under the AEMLD, a plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product. *Turner v. Azalea Box Co.*, 508 So.2d 253, 254 (Ala. 1987). However, sales representatives who work for pharmaceutical companies are not "sellers" or "suppliers" of the drugs manufactured by the companies they represent for purposes of the AEMLD. *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at * 6-*7 (M.D. Ala., Dec. 19, 2005). In *Bloodsworth*, the court was presented with a set of facts remarkably similar to the one now at issue. Plaintiffs in *Bloodsworth* asserted a claim under the AEMLD against an orthopedic-hip-implant manufacturer, one of that manufacturer's sales representatives, and a separate manufacturer/seller. The first defendant was not an Alabama citizen, but the latter two defendants were non-diverse. In its opposition to plaintiff's motion to remand, the diverse manufacturer offered an affidavit of the sales representative, wherein the affiant stated that he had never spoken to the injured plaintiff. He did not, however, confirm or deny that he was the individual who received purchase orders from the injured plaintiff's surgeon. The sales representative also attested that

he was "not involved in the design or manufacture of any [of manufacturer's] products used in [the injured plaintiff's] procedures," and that he did not provide any "warranties, express or implied, with respect to those products." Judge Dement of the Middle District of Alabama concluded under these facts that the sales representative could not be deemed to be a "seller," and was therefore fraudulently joined as a defendant with respect to plaintiffs' AEMLD claim. *See id.*

This case is similar to *Bloodsworth* inasmuch as all individual resident defendants have sworn that they did not personally sell or offer to sell VIOXX or CELEBREX to Mary McCluskey. The declarations and affidavits of these defendants are not contradicted. Taylor and Vandelune further submit that as "detailers" for Pfizer, they did not sell or offer to sell to *anyone* — whether to individual patients or to health-care professionals. Moreover, similar to the case in *Bloodsworth*, neither Anderson nor Webb confirms or denies whether he or she sold VIOXX to the health-care provider or providers who treated Mary McCluskey — and neither individual could be expected to do so, since McCluskey has not identified the health-care providers who prescribed either of the drugs at issue to the decedent. *See* Compl., at 35-41. For these reasons, and for the remaining reasons set forth in *Bloodsworth*, the individual resident defendants can not be deemed to be "sellers" for purposes of the

AEMLD.  *See generally Bloodsworth*, 2005 WL 3470337, at *5-*7. The individual resident defendants were therefore fraudulently joined with respect to McCluskey's claim for relief under the AEMLD.

    **B.**    **The Fraud, Fraudulent Suppression, and Concealment Claim**

Under Alabama law, in order to state a claim for fraud and fraudulent misrepresentation, a plaintiff must show that the defendant made a misrepresentation of material fact, that he made it willfully to deceive, recklessly, without knowledge, or mistakenly, that the misrepresentation was justifiably relied on by the plaintiff under the circumstances, and that the misrepresentation caused damage as a proximate consequence. Ala. Code § 6-5-101. The Supreme Court of Alabama has held that "those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith." *Fisher v. Comer Plantation, Inc.*, 772 So.2d 455 (Ala. 2000).

Here, each of the individual resident defendants has tendered a declaration or affidavit indicating that he or she was never involved in the design, testing, or manufacture of VIOXX or CELEBREX, is not trained as a physician or pharmacologist, and has received all information regarding VIOXX or CELEBREX from the respective employer. In his motion to remand, McCluskey submits no evidence that could discredit the individual resident

defendants' affidavits and declarations, so there is no issue of fact which should be resolved in favor of this court's finding that it lacks subject-matter jurisdiction.  *See Wyeth*, 428 F.3d at 1323.  In accordance with the undisputed facts contained in the affidavits and declarations, if Mary McCluskey was supplied with faulty information when she was prescribed VIOXX and CELEBREX, then the individual resident defendants' roles in supplying that information were those of mere "conduits." Accordingly, there is no reasonable basis to predict that an Alabama court would find the individual resident defendants liable to McCluskey for fraud, fraudulent suppression, and concealment, and these defendants were therefore fraudulently joined with respect to these claims.  *See id.* at 1323-25 (finding that the record supported defendant drug manufacturer's contention that defendant salesperson was fraudulently joined, when there was no evidence that salesperson knew or should have known of prescription drug's allegedly dangerous effects).

Because all of the individual resident defendants were fraudulently joined with respect to each claim that McCluskey says he can prove against them, the court will disregard the citizenship of the individual resident defendants and will presume that complete diversity exists.  Since there is also no dispute that the jurisdictional amount-in-controversy requirement has been met, McCluskey's motion to remand will be denied without

prejudice to its being re-filed if subsequently discovered facts provide a basis for its reconsideration.  Anderson's and Webb's respective motions to dismiss for failure to state a claim will be granted.

**II.  Defendants' Motions to Stay Proceedings**

After this action was removed, Merck filed a motion to stay proceedings pending the possible transfer of the action against it for consolidated pretrial proceedings as part of *In re Vioxx Marketing, Sales Practices, and Prods. Liab. Litig.,* MDL No. 1657.  Similarly, defendants Pfizer, Pharmacia, Searle, Taylor, and Vandelune, filed a motion for this court to stay proceedings pending the possible transfer to *In re Bextra and Celebrex Marketing, Sales Practices and Prods. Liab. Litig.*, MDL-1699.  These MDL proceedings have been established to coordinate all product-liability cases involving the alleged health risks that arise from taking VIOXX and CELEBREX, respectively.

When deciding whether to issue a stay pending the Judicial Panel on Multidistrict Litigation's ("MDL Panel") decision on transfer of an individual action, the court looks at three factors: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequality to the moving party if the action is not stayed; and (3) potential prejudice to the non-

moving party.  *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  In his opposition to the motions to stay, McCluskey urges the court to deny the motions only until it has determined whether it has subject matter jurisdiction or whether the action should be remanded to state court.  He does not argue that if the action is **not** remanded, the motion to stay should not be granted.  Accordingly, the court sees no potential prejudice to McCluskey if this action is stayed.  Moreover, the court agrees with the various defendants that judicial resources will best be allocated if the stay request is granted, especially considering that the MDL Panel will likely decide whether to transfer this action within the next two to four weeks.  Finally, defendants' suggestions of hardship and inequality if the action is not stayed make sense.  Accordingly, the court will grant defendants' motions to stay.

*Conclusion*

In accordance with the foregoing, McCluskey's motion to remand will be denied, and his motion to dismiss defendant Stewart will be granted.  The motions to stay proceedings, filed by various defendants, will be granted.  Anderson's and Webb's motions to dismiss this action as to them will also be granted.

DONE this 7th day of March, 2007.

                                           _____
                                           WILLIAM M. ACKER, JR.
                                           UNITED STATES DISTRICT JUDGE